| | |
|---|---|
| 1 | Nguyen D. Luu (CA #285910) |
| 2 | LUU LAW, PC |
|   | 772 N 1st Street |
| 3 | San Jose, CA 95112 |
|   | Tel: (408) 975-9321 |
| 4 | Fax: (408) 975-9654 |
|   | Email: nguyen@luulaw.com |
| 5 | Counsel for Plaintiffs |

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
*San Jose Division*

| | | |
|---|---|---|
| LARGO CONCRETE, INC., and | ) | Case Number: |
| PAVAN RAM GUPTHA, | ) | |
| | ) | *Title of Document:* |
| Plaintiffs, | ) | **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |
| vs. | ) | |
| John M. ALLEN, in his Official Capacity, Director of the Texas Service Center, U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security; | ) | **AGENCY CASE NUMBER:** I-129 Receipt No.: IOE8583250737 **Immigration Case, Administrative Procedure Act Case** |
| Ur Mendoza JADDOU, in her Official Capacity, Director of U.S. Citizenship and Immigration Services, U.S. Department of Homeland Security; | ) | |
| Alejandro MAYORKAS, in his Official Capacity, Secretary of U.S. Department of Homeland Security; | ) | |
| Merrick GARLAND, in his Official Capacity, U.S. Attorney General, U.S. Department of Justice; | ) | |
| U.S. CITIZENSHIP AND IMMIGRATION SERVICES; and | ) | |
| U.S. DEPARTMENT OF HOMELAND SECURITY, | ) | |
| Defendants. | ) | |

**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**

Plaintiffs, through undersigned counsel, allege as follows:

## I.    INTRODUCTION

1. Plaintiffs bring this action to challenge an arbitrary and capricious immigration denial decision (the "Decision") that was issued without due process of law. Here, the immigration agencies – USCIS and its Texas Service Center – arbitrarily denied an I-129 Petition for Nonimmigrant Worker based on misapplication of governing law, regulation, and policy. Because the agency actions were arbitrary and capricious and violated Plaintiffs' due process rights, and because the actions will cause irreparable harm to Plaintiffs, Plaintiffs are entitled to equitable relief from this Court.

2. Simultaneously with this Complaint for Declaratory and Injunctive Relief, Plaintiffs have filed a Motion for Temporary Restraining Order and Preliminary Injunction, pursuant to 5 U.S.C. § 705, in order to postpone the effectiveness of the Decision, pending conclusion of these proceedings.

3. Plaintiff Largo Concrete, Inc. ("Largo"), a U.S. corporation, and Plaintiff Pavan Ram Guptha ("Mr. Guptha"), a citizen of India, bring this action for wrongful denial of the petition to reclassify Mr. Guptha as a nonimmigrant worker in a specialty occupation (H-1B) and to change his status from F-1 to H-1B. Plaintiffs bring this action pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 702, *et seq.*, and the Due Process Clause of the Fifth Amendment of the U.S. Constitution, seeking to hold unlawful and reverse the Decision.

4. Mr. Guptha currently lives in the San Francisco Bay Are, California pursuant to his F-1 student status while he pursues a master's degree in Project Management from the University of the Cumberlands ("UTC"). Mr. Guptha is currently employed as a Senior Project Engineer by Largo pursuant to Curricular Practical Training ("CPT") employment authorization. Mr. Guptha's F-1 status and his CPT employment authorization are scheduled to expire on December 16, 2022.

5. Mr. Guptha is a key person at Largo. Largo wishes to retain Mr. Guptha in order to continue to effectively serve its U.S. customers and fulfill long-term contracts. Accordingly,

1. Largo filed a Form I-129, Petition for Nonimmigrant Worker, with USCIS in order to retain Mr. Guptha.

6. However, USCIS denied the petition for change of status on the sole, and incorrect, ground that Mr. Guptha has failed to maintain his nonimmigrant status because his F-1 visa was revoked on April 18, 2020.

7. USCIS also completely failed to adjudicate the petition to reclassify Mr. Guptha as an H-1B nonimmigrant worker in a specialty occupation.

8. The Executive branch of government must comply with the law. In this case, it has failed to do so. USCIS's unlawful denial risks stripping Largo of an essential, highly qualified employee in the middle of work on extremely important projects for the organization. The Decision also threatens to force Mr. Guptha to uproot from his home or face detention for remaining in the country and defending against the wrongful Decision.

## II.    PLAINTIFFS

9. Largo is a full-service structural concrete and general contractor company specializing in multi-level, cast-in-place structures with more than 2000 employees based in Campbell, California.

10. Mr. Guptha is a native and citizen on India who has been lawfully employed by Largo as Senior Project Engineer since September 2021. He resides in Sunnyvale, California. Mr. Guptha is currently in the U.S. pursuant to F-1 status which is valid until December 16, 2022.

## III.    DEFENDANTS

11. Defendant U.S. CITIZENSHIP AND IMMIGRATION SERVICES ("USCIS") is an agency of the Department of Homeland Security and is responsible for overseeing the adjudication of immigration benefits.

12. Defendant U.S. DEPARTMENT OF HOMELAND SECURITY ("DHS") is a cabinet department of the U.S. federal government responsible for immigration-related services, enforcement, and investigations. DHS oversees USCIS and its implementation of federal law and policy with respect to immigration benefit applications.

13. Defendant John M. ALLEN is the Director of the Texas Service Center ("TSC"), an agency of USCIS, and he signed the Decision at issue in this case. Defendant ALLEN is sued in his official capacity.

14. Defendant Ur Mendoza JADDOU is the Director of USCIS. In this capacity, she has responsibility for the administration of immigration laws. Defendant JADDOU is sued in her official capacity.

15. Defendant Alejandro MAYORKAS is the Secretary of DHS. In this capacity, he has responsibility for the administration of the immigration laws pursuant to 6 U.S.C. § 251. Mr. MAYORKAS is sued in his official capacity.

16. Defendant Merrick GARLAND is the Attorney General of the United States. Mr. GARLAND is sued in his official capacity.

## IV.   JURISDICTION

17. This is a civil action against the United States under the Immigration and Nationality Act, 8 U.S.C. § 1101, *et seq.*, and the APA, 5 U.S.C. § 701, *et seq.* Both of these being laws of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331. Additionally, The APA provides a waiver of sovereign immunity for Plaintiffs to properly commence this legal action. Under 5 U.S.C. § 702, actions arising under the APA "shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party."

18. This Court also has authority to grant declaratory relief under 28 U.S.C. §§ 2201-02, and injunctive relief under 5 U.S.C. § 702 and 28 U.S.C. §§ 1361-62.

19. Furthermore, denials of petitions such as an I-129 Petition are subject to judicial review. *See Mantena v. Johnson*, 809 F.3d 721, 730 (2d Cir. 2015) (procedural requirements not shielded from review); *Ramalingam v. Johnson*, Civ. No. 13-7416 KM, 2016 WL 1262169, at *4-5 (D.N.J. Mar. 30, 2016) (due process challenge to USCIS procedures not barred from review).

## V.   STANDING

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
CASE NO.
PAGE NO. 4 of 15

20. Largo has a legally protected interest in a decision by USCIS which is not arbitrary and capricious, nor an abuse of discretion, and which is in accordance with law, per 5 U.S.C. § 706(2), and the invasion of this right has caused Largo concrete and particularized injury in that as a result of this invasion Largo will no longer be legally permitted to employ Mr. Guptha after December 16, 2022, and so will not be able to derive the benefits it is accustomed to gaining from his services. There is a causal connection between Largo's injury-in-fact and Defendants' challenged behavior in that it is precisely Defendants' denial of the I-129 Petition which will prevent Mr. Guptha from continuing to work for Largo. It is certain that the injury-in-fact will be redressed by a favorable ruling in that such a ruling will enable Largo to employ Mr. Guptha again and so once more to derive benefits from Mr. Guptha's services. Accordingly Largo has standing to complain of this action. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

21. Mr. Guptha likewise has a legally protected interest in a decision by USCIS on Largo's petition which is not arbitrary and capricious, nor an abuse of discretion, and which is in accordance with law, per 5 U.S.C. § 706(2), and this right has been invaded inasmuch as the I-129 Petition has been denied. Further, Mr. Guptha had a due process right to receive adequate notice of the adverse evidence used by USCIS in the Decision. *See Mantena v. Johnson*, 809 F.3d 721, 731-32 (2d Cir. N.Y. 2015) (failure to provide notice to beneficiary of revoked I-140 petition constituted an injury-in-fact because it "foreclosed any opportunity for [the beneficiary] . . . to provide evidence to USCIS in opposition to the revocation of [the] I-140 petition").

22. The invasion of these rights has caused Mr. Guptha concrete and particularized injury in that as a result of this invasion he can no longer be employed by Largo after December 16, 2022, and so will be unable to derive the revenue he currently receives from his employment and his presence in the U.S. will become unlawful. There is a causal connection between the injury-in-fact and Defendants' challenged behavior in that it is precisely Defendants' denial of the I-129 Petition which will prevent Mr. Guptha from working for Largo after December 16, 2022. It is certain that the injury-in-fact will be redressed by a favorable ruling in that such a

ruling will enable Largo to employ Mr. Guptha after December 16, 2022, and so enable Mr. Guptha to support himself and lawfully remain in the United States. Accordingly, Mr. Guptha also has standing to complain of Defendants' action. *Lujan*, 504 U.S. at 560-61; *Mantena*, 809 F.3d at 731-32.

## VI.   VENUE

23.     Pursuant to 28 U.S.C. § 1391(e) and 5 U.S.C. § 703, venue is properly with this Court because (1) this is a civil action in which the Defendants are employees or officers of the United States, acting in their official capacity, and an agency of the United States; and (2) Largo has its head office in this district, Largo employs Mr. Guptha in this district, and Mr. Guptha resides in this district. *See Kumar v. Mayorkas*, No. C 12-06470 MEJ (N.D. Cal. Sep. 23, 2013). Further, no real property is involved in this action. Additionally, a substantial part of the events giving rise to the instant claim occurred in this district. 28 U.S.C. § 1391(e). Specifically, the I-129 Petition at issue in this complaint is based on Mr. Guptha's employment with Largo in the Northern District of California and Mr. Guptha's continuing to work on projects and serving customers based here. These facts additionally place the "locus of the injury" in this district, which is also relevant in determining proper venue. *Myers v. Bennett Law Offices*, 238 F.3d 1608, 1076 (9th Cir. 2001).

## VII.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

24.     USCIS's decision denying the I-129 Petition constitutes final agency action under the APA. Neither the INA nor its implementing regulations require that an administrative appeal of the Decision be pursued. *See* 8 C.F.R. § 103.3(a). Therefore, there are no administrative remedies which must be exhausted. *See Darby v. Cisneros*, 509 U.S. 137, 154 (1993) ("[W]here the APA applies, an appeal to 'superior agency authority' is a prerequisite to judicial review only when expressly required by statute or when an agency rule requires [such] appeal before review . . . ." (emphasis in original)). *See also EG Enters. v. DHS*, 467 F. Supp. 2d 728, 732-33 (E.D. Mich. 2006) (in suit over I-129 Petition denial, USCIS agreed that exhaustion of administrative remedies not required); *RCM Technologies, Inc. v. DHS*, 614 F. Supp. 2d 39, 45 (D.D.C. 2009) ("[P]laintiffs need not pursue an APA appeal before seeking judicial review of

denied visa applications in federal court."). Under 5 U.S.C. §§ 702 and 704, Plaintiffs have suffered a "legal wrong" and have been "adversely affected or aggrieved" by agency action for which there is no adequate remedy at law.

## VIII.   FACTS

**A.   USCIS Adjudication of I-129 Petitions.**

25.   Pursuant to the Immigration and Nationality Act ("INA"), a United States employer may sponsor a qualified noncitizen beneficiary to "perform services . . . in a specialty occupation" in the United States ("H-1B program"). 8 U.S.C. §§ 1101(a)(15)(H)(i)(b); 1184(c).

26.   Defendant USCIS administers the H-1B program in conjunction with the Department of Labor. *See* 20 C.F.R. § 655.700(b). USCIS is responsible for (1) determining if the beneficiary and the position offered qualify for specialty occupation classification; and (2) determining whether the beneficiary is eligible to change status.

27.   Here, Plaintiffs sought to classify Mr. Guptha as a Project Engineer (Standard Occupation Classification ("SOC") code 11-9021.00, Construction Manager). See Plaintiffs' I-129 Petition filing, attached hereto as **Exhibit 1**. Plaintiffs presented extensive documentation of the specialty occupation nature of the work and Mr. Guptha's qualifications for it.

28.   After USCIS approves the H-1B classification, the nonimmigrant may either apply for the H-1B visa abroad at a consular office of the Department of State, or, if the nonimmigrant is already in the U.S. in a status other than H-1B, he may apply to USCIS for a change of visa status. 20 C.F.R. § 655.700(b)(3).

29.   For beneficiaries such as Mr. Guptha, who are already present in the United States under another type of nonimmigrant classification (in Mr. Guptha's case, an F-1 student visa), USCIS's adjudicative responsibility for I-129 Petitions to change status to H-1B includes a determination that the beneficiary was "lawfully admitted to the United States as a nonimmigrant [and] . . . is continuing to maintain that status." INA § 248(a), 8 U.S.C. § 1258(a). *See also* 8 C.F.R. § 248.1(a) (An otherwise qualified "alien lawfully admitted to the United States as a nonimmigrant . . . who is continuing to maintain his or her nonimmigrant status, may apply to

have his or her nonimmigrant classification changed to any nonimmigrant classification [subject to several exceptions] . . . ."

30. Plaintiffs provided extensive documentation showing that Mr. Guptha has maintained his nonimmigrant status at all times.

**B.     Case History.**

31. Mr. Guptha is a citizen of India. He first entered the United States in August 2016 on an F-1 student visa in order to pursue graduate studies in Construction Management.

32. Mr. Guptha is currently employed by Largo as Senior Project Engineer pursuant to CPT authorization while he pursues a master's degree in Project Management at the University of the Cumberlands ("UTC").

33. On June 10, 2022, Largo filed a Form I-129, Petition for Nonimmigrant Worker, with USCIS, seeking to classify Mr. Guptha as a temporary worker in a specialty occupation (H-1B) with a concurrent request for change of status.

34. On June 24, 2022, USCIS issued a Request for Evidence ("RFE") requesting additional evidence regarding Mr. Guptha's maintenance of nonimmigrant status. **Exhibit 2**, RFE from USCIS, dated June 24, 2022. The RFE contained several false allegations and basic factual errors.

35. First, the RFE falsely alleged that Mr. Guptha's status as an F-1 student "appears to have expired on April 18, 2020." According to the RFE, because Mr. Guptha's F-1 status expired prior to the Form I-129 filing date, he appeared to be ineligible for change of status. The RFE requested proof that Mr. Guptha possessed a current F-1 visa.

36. Furthermore, the RFE falsely alleged that Mr. Guptha was not present in the United States at the time the I-129 Form was filed. According to the RFE, "USCIS records show that the beneficiary may have departed the United States on June 10, 2020."

37. Based on the false allegation that Mr. Guptha had departed the United States, the RFE also requested "an explanation of what immigration document the beneficiary used to re-enter the United States after June 10, 2020."

38. The RFE also demanded extensive documentary evidence, in addition to the evidence already provided with the I-129 Petition, that Mr. Guptha was engaged in valid STEM OPT employment and CPT employment with Largo, as well as evidence that Mr. Guptha was maintaining a full course of study during CPT.

39. The RFE solely addressed the change of status issue and did not request any additional evidence regarding the request for reclassification to H-1B.

40. On September 13, 2022, Largo, through counsel, responded to the RFE with all of the information and documents requested. A copy of the RFE response ("RFE Response"), including its exhibits, is attached as **Exhibit 3**.

41. The RFE Response included a detailed description of Mr. Guptha's immigration history in the U.S. and voluminous documentary evidence. The RFE Response spanned approximately ten (10) single-spaced pages and included 19 documentary exhibits.

42. The RFE Response respectfully pointed out that USCIS appeared to possess inaccurate facts concerning the validity of Mr. Guptha's F-1 status, his most recent dates of departure from and reentry to the United States, as well as his employment history in STEM OPT and CPT.

43. Materially for this complaint, the RFE Response included Mr. Guptha's most recent I-20 Form, Certificate of Eligibility for Nonimmigrant Student Status, issued on July 12, 2022, showing Mr. Guptha's F-1 status to be valid until December 16, 2022, and his CPT employment to be valid until the same date. A copy of the I-20 Form issued on July 12, 2022, is attached as **Exhibit 4**.

44. The RFE Response also included Mr. Guptha's I-94 record of U.S. departures and arrivals issued by U.S. Customs and Border Protection ("CBP"), confirming that Mr. Guptha has not left the United States since his last entry on January 13, 2020, and that he is admitted to the U.S. for the duration of his status.

45. The RFE Response exhibits also included Mr. Guptha's F-1 Student Visa, valid until June 21, 2021, and therefore covering his last entry to the United States on January 13, 2020.

46. Despite the exhaustive presentation of evidence in the RFE Response, on September 28, 2022, USCIS issued the Decision denying the change of status request and completely failing to mention or adjudicate the reclassification request. A copy of the Decision is attached as **Exhibit 5**.

47. In the Decision, USCIS changed its false allegations regarding Mr. Guptha's departure and "expiration" of his F-1 visa and claimed for the first time that Mr. Guptha's "F1 Visa was revoked on April 18, 2020."

48. Based on the visa revocation, according to USCIS, Mr. Guptha failed to establish that "he was properly engaged in OPT." Therefore, according to USCIS, Mr. Guptha failed to establish that he maintained his F-1 status.

49. Further, according to the Decision, Mr. Guptha was not "in possession of a valid F1 Visa at the time of filing the I-129 petition," and is currently present in the United States without lawful status.

50. Until receiving the Decision, Mr. Guptha had never been informed that his visa had been revoked. The Decision did not provide any information about the revocation other than the date. Further, the Decision completely failed to address the request for H-1B classification.

51. Following the Decision, Plaintiffs' immigration counsel requested clarification of various aspects of the Decision, including: 1) the numerous factual errors in the Decision; 2) the legal basis for the Decision's claim that the revocation of Mr. Guptha's visa resulted in loss of nonimmigrant status after he had already entered the U.S. on a valid visa; 3) USCIS's failure to address the H-1B classification request at all.

52. At the very least, the H-1B reclassifications request should have been approved on the merits with a request for consular processing so that Mr. Guptha could apply to a U.S. embassy or consulate abroad for an H-1B visa.[1]

IX.   **GROUNDS FOR RELIEF**

---

[1] *See* USCIS, *Working in the United States, H-1B Specialty Occupations: Petition Filing Process* (July 21, 2022), available at https://www.uscis.gov/working-in-the-united-states/h-1b-specialty-occupations (accessed December 1, 2022).

# COUNT ONE
### Violation Of The APA: UCSIS's Failure To Adjudicate Plaintiffs' Request For H-1B Classification Was Arbitrary, Capricious An Abuse Of Discretion, And Not In Accordance With Law.

53. Plaintiffs re-allege and incorporate herein by reference, as if fully set forth herein, all the allegations set forth above.

54. The APA, 5 USC §706(2), states: "The reviewing court shall ... hold unlawful and set aside agency action, findings, and conclusions found to be – (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law."

55. An agency's failure to follow its own rules or procedures constitutes an arbitrary and capricious action. *Accardi v. Shaughnessy*, 347 U.S. 260 (1954). *See also Morton v. Ruiz*, 415 U.S. 199, 235 (1974) ("Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures."); *Button Depot, Inc. v. DHS*, 386 F. Supp. 2d 1140, 1146 (C.D. Cal. 2005) (denial of H-1B visa arbitrary and capricious because it was "based on an improper understanding and application of the law, and the record reveals that the Defendants failed to consider an important aspect of a key issue in the case").

56. Here, USCIS violated the APA because it failed to follow its own rules and procedures requiring it to adjudicate the H-1B classification request itself, which is the heart of the I-129 Petition.[2] The purpose of a Form I-129, Petition for Nonimmigrant Worker, is "to classify an alien in [a] nonimmigrant classification."[3]

57. By not addressing the substantive content of Plaintiffs' I-129 Petition and documents concerning the request for H-1B classification, Defendants' Decision on its face was "patently unresponsive" to the administrative record and demonstrated that Defendants failed to make a decision "'based on a consideration of the relevant factors.'" *Md. People's Counsel v. FERC*, 761 F.2d 768, 779 (D.C. Cir. 1985) (quoting *Motor Vehicle Mfrs. Ass'n of U.S. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

---

[2] *See* n. 1, *supra*, *Eligibility Criteria, Petition Filing Process.*
[3] USCIS, *Form I-129 Instructions*, May 31, 2022, available at https://www.uscis.gov/sites/default/files/document/forms/i-129instr.pdf (accessed December 1, 2022).

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF
CASE NO.
PAGE NO. 11 of 15

58. Therefore the Decision's failure to address the request for H-1B classification was arbitrary, capricious, an abuse of discretion, and not in accordance with law.

## COUNT TWO
### Violation Of The APA: USCIS's Finding That Mr. Guptha Was Out Of Status Was Arbitrary, Capricious An Abuse Of Discretion, And Not In Accordance With Law.

59. Plaintiffs re-allege and incorporate herein by reference, as if fully set forth herein, all the allegations set forth above.

60. The APA empowers this Court to hold unlawful and set aside any agency action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A).

61. The APA empowers courts to "strike down an agency action as arbitrary and capricious 'if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or if the agency's decision is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'" *Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 878 F.3d 725, 732 (9th Cir. 2017) (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983)).

62. Here, USCIS's Decision denying change of status to Mr. Guptha was arbitrary, capricious, an abuse of discretion, and not in accordance with law.

63. The entire Decision was based on USCIS's erroneous conclusion that Mr. Guptha failed to maintain valid status due to the revocation of his F-1 visa.

64. While it is true that the Secretary of State has authority to revoke a visa at any time under INA § 221(i) and 22 CFR § 41.122(a), a visa's validity has no bearing on validity of an individual's status in the U.S. during the period of lawful admission.

65. The language of the INA expressly distinguishes between a nonimmigrant's admission into the U.S. and the nonimmigrant's status as separate concepts. *See* INA § 237(a)(1)(C)(i) (creating a distinction between "admi[ssion] as a nonimmigrant" and

"maint[enance of] the nonimmigrant status"). *See also* 8 C.F.R. § 214.2(f)(5)(i) (F-1 visa-holders are admitted to the United States for "duration of status."); 8 C.F.R. § 41.112(a) ("The period of visa validity has no relation to the period of time the immigration authorities at a port of entry may authorize the alien to stay in the United States.").

66. Furthermore, according to Department of State guidance, because an individual's status is determined upon his admission into the United States, revoking the individual's visa "does not impact that status." See **Exhibit 6**, DOS/AILA Liaison Meeting, State Department Responses to AILA Agenda Questions – Page 1 and 5 (Apr. 15, 2015) at Q.#7, AILA Doc. No. 15042004; **Exhibit 7**, DOS/AILA Liaison Meeting, State Department Responses to AILA Agenda Questions (Oct. 18, 2018) at Q.#13, AILA Doc. No. 18102501, Page 1, 6, and 7; **Exhibit 8**, Practice Pointer: Prudential Revocation of Nonimmigrant Visas (Feb. 13, 2019), AILA Doc. No. 18072406,

67. As indicated on Mr. Guptha's I-94 arrival and departure record, he was admitted to the U.S. on January 13, 2020, for the duration of his approved status, that is, until December 16, 2022.

68. Therefore, Mr. Guptha has maintained valid F-1 status since his last entry into the U.S. in January 2020, notwithstanding the alleged revocation of his F-1 visa in April 2020.

69. The revocation of Mr. Guptha's visa was the sole ground for the Decision denying the I-129 Petition. Therefore, the Decision was arbitrary, capricious, an abuse of discretion, and not in accordance with law, in violation of the APA.

### COUNT THREE
**Violation of Due Process: Failure to Provide Notice, Opportunity to be Heard, and Opportunity to Examine and Rebut Evidence.**

70. Plaintiffs re-allege and incorporate herein by reference, as if fully set forth herein, all the allegations set forth above.

71. Non-citizens such as Mr. Guptha are entitled to due process rights set forth in the U.S. Constitution. *See Reno v. Flores*, 507 U.S. 292, 306 (1993). These rights include the opportunity to examine and rebut adverse evidence. *Grigoryan v. Barr*, 959 F.3d 1233, 1240 (9th

Cir. 2020). These rights also include notice and the opportunity to be heard. *Flores-Rodriguez v. Garland*, 8 F.4th 1108, 1113 (9th Cir. 2021) ("Notice and an opportunity to be heard are fundamental elements of due process that have been long established in our law.").

72. Pursuant to 8 C.F.R. § 103.2(b)(16)(ii), where USCIS considers derogatory information of which the applicant is unaware, he shall be advised of this fact and offered an opportunity to rebut the information and present information on his own behalf before the decision is rendered.

73. Here, USCIS changed course without warning between the RFE and the Decision, depriving Plaintiffs of the opportunity to examine and rebut adverse evidence, as well as the right to notice and the opportunity to be heard. This action by USCIS violated due process principles set forth in binding precedent and in USCIS's own regulations. 8 C.F.R. § 103.2(b)(16)(ii).

74. In the RFE, USCIS alleged that Mr. Guptha's F-1 visa had expired in April 2020 and that he had left the U.S. in June 2020. Mr. Guptha conclusively rebutted those statements by producing I-20 Forms, I-94 records, and his F-1 visa. Together, these documents demonstrate that Mr. Guptha has not departed the U.S. since entering on a valid F-1 visa in January 2020, when CBP admitted him for the duration of his F-1 status, i.e., until December 16, 2022.

75. But in the Decision, USCIS simply stated without prior warning that Mr. Guptha's F-1 visa had been revoked. This action by USCIS violated due process, because USCIS failed to put Plaintiffs on notice of a central issue in his case, thus denying them "a full and fair hearing." *Flores-Rodriguez*, 8 F.4th at 1114 (quoting *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000)). The surprise announcement in the Decision of the visa revocation prevented Plaintiffs from raising arguments that Mr. Guptha's status remained valid despite the visa revocation (see Count Two above). It also deprived Plaintiffs of the opportunity to investigate whether the visa revocation itself was valid.

76. USCIS's conduct affected the outcome of the I-129 Petition proceedings. This prejudiced Plaintiffs. Accordingly, a due process violation warranting reversal of the Decision has occurred. *Id.*

## X. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

77. Assume jurisdiction over this matter;

78. Hold unlawful and set aside Defendants' decision denying the I-129 Petition filed by Largo on behalf of Mr. Guptha;

79. Enter an Order requiring Defendants to grant H-1B classification to Mr. Guptha and to find Mr. Guptha eligible to change status to H-1B; or, in the alternative, Remand the I-129 Petition to Defendants to adjudicate the requests for H-1B classification and change of status using the correct legal standards;

80. Grant reasonable attorney's fees and costs as provided under the Equal Access to Justice Act and the APA and as otherwise permitted by law; and

81. Grant such further relief as the Court deems just and proper.

Respectfully submitted,

Date:   December 6, 2022

s/ Nguyen D. Luu

**Nguyen D. Luu**
Luu Law, PC
772 N. 1st Street
San Jose, CA 95112-6302
Telephone: (408) 975-9321
FAX: (408) 975-9654
E-mail: Nguyen@luulaw.com
Attorney for Plaintiffs

# **CERTIFICATE OF SERVICE**

I, Nguyen D. Luu, hereby certify that on _December 6____ 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

I further certify that a copy of the complaint, exhibits, and summons, along with a copy of the court's standing order was delivered by certified mail to each of the parties listed below on _____ 2022:

U.S. Attorney's Office
Civil Processing Clerk
Civil Division
450 Golden Gate Ave, 11th Floor
San Francisco, CA 94102

John M. Allen
Director of USCIS Texas Service Center
c/o Office of the General Counsel
U.S. Department of Homeland Security
245 Murray Lane, SW
Mail Stop 0485
Washington, DC 20528-0485

Ur Mendoza Jaddou
Director of U.S. Citizenship and Immigration Services;
c/o Office of the General Counsel
U.S. Department of Homeland Security
245 Murray Lane, SW
Mail Stop 0485
Washington, DC 20528-0485

Alejandro Mayorkas, Secretary of Homeland Security
c/o Office of the General Counsel
U.S. Department of Homeland Security
245 Murray Lane, SW
Mail Stop 0485
Washington, DC 20528-0485

Merrick Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

| | | |
|---|---|---|
| 1 | | |
| 2 | Date:   December 6, 2022 | s/ Nguyen D. Luu |
| 3 | | **Nguyen D. Luu** |
| | | Luu Law, PC |
| 4 | | 772 N. 1st Street |
| | | San Jose, CA 95112-6302 |
| 5 | | Telephone: (408) 975-9321 |
| | | FAX: (408) 975-9654 |
| 6 | | E-mail: Nguyen@luulaw.com |
| 7 | | Attorney for Plaintiff |

CERTIFICATE OF SERVICE
CASE NO.
PAGE NO. 2 of 2