1  Nguyen D. Luu (CA Bar No. 285910)
   LUU LAW, PC
2  772 N 1st Street
   San Jose, CA 95112
3  Tel: 408-975-9321
   Fax: 408-975-9654
4  Email: nguyen@luulaw.com
   Counsel for Plaintiffs
5

   **UNITED STATES DISTRICT COURT**
6  **NORTHERN DISTRICT OF CALIFORNIA**
   *San Jose Division*
7

8                                              )
   LARGO CONCRETE, INC., and                   )   Case Number:  5:22-cv-07689
9                                              )
   PAVAN RAM GUPTHA,                            )   *Title of Document:*
10                                             )   **PLAINTIFFS' MOTION FOR**
              Plaintiffs,                       )   **TEMPORARY RESTRAINING ORDER**
11                                             )   **AND PRELIMINARY INJUNCTION;**
                                                )   **MEMORANDUM OF POINTS AND**
12            vs.                               )   **AUTHORITIES**
                                                )
13 John M. ALLEN, in his Official Capacity,    )
   Director of the Texas Service Center, U.S.   )
14 Citizenship and Immigration Services, U.S.  )
   Department of Homeland Security;             )
15                                             )
   Ur Mendoza JADDOU, in her Official           )   **AGENCY CASE NUMBER:**
16 Capacity, Director of U.S. Citizenship and  )   I-129 Receipt No.: IOE8583250737
   Immigration Services, U.S. Department of     )   **Immigration Case, Administrative**
17 Homeland Security;                           )   **Procedure Act Case**
                                                )
18 Alejandro MAYORKAS, in his Official         )
   Capacity, Secretary of U.S. Department of    )
19 Homeland Security;                           )
                                                )
20 Merrick GARLAND, in his Official Capacity,  )
   U.S. Attorney General, U.S. Department of    )
21 Justice;                                     )
                                                )
22 U.S. CITIZENSHIP AND IMMIGRATION           )
   SERVICES; and                                )
23                                             )
   U.S. DEPARTMENT OF HOMELAND                  )
24 SECURITY,                                    )
                                                )
25            Defendants.                        )
                                                )
26 ─────────────────────────────────)

27

28

MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY
INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES
PAGE NO.  1  OF 18

### PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

PLEASE TAKE NOTICE that on Wednesday_____ at 1pm., or as soon thereafter as the matter may be heard in San Jose Courthouse, Courtroom 5 – 4th Floor 280 South 1st Street, San Jose, CA 95113, before the Honorable Nathanael Cousins, Plaintiffs shall and hereby do move, pursuant to Federal Rule of Civil Procedure 65, for an order granting a temporary restraining order and preliminary injunction against Defendants. Plaintiffs' motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Court's files and records in this matter, and other matters of which the Court may take judicial notice, and any oral argument that may be presented to the Court.

### CERTIFICATION PURSUANT TO FED. R. CIV. P 65(b)(1)(B)

Undersigned counsel for Plaintiffs hereby certifies, pursuant to Fed. R. Civ. P. 65 and Civil Local Rule 65-1, that I provided notice to Defendants by sending copies by email in advance of filing. The government has not stated a position on this motion. Due to the short time between filing of this motion and the impending expiration of Plaintiff Pavan Ram Guptha's nonimmigrant status and employment authorization, additional notice and an opportunity to be heard in opposition should not be required because of the immediate and irreparable injury to Plaintiff Pavan Ram Guptha that would result if the government agencies involved were provided with opportunity to respond before a temporary restraining order is issued. There will be no harm to USCIS by granting the temporary restraining order.

Date:   December 7, 2022                    s/ Nguyen D. Luu
                                            **Nguyen D. Luu**
                                            Luu Law, PC
                                            772 N. 1st Street
                                            San Jose, CA 95112-6302
                                            Telephone: (408) 975-9321
                                            FAX: (408) 975-9654
                                            E-mail: Nguyen@luulaw.com
                                            Attorney for Plaintiffs

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

## INTRODUCTION

Plaintiff Pavan Ram Guptha ("Mr. Guptha") and Plaintiff Largo Concrete, Inc. ("Largo") respectfully move the Court to postpone the effectiveness of Defendants' decision denying Plaintiffs' Form I-129, Petition for Nonimmigrant Worker, dated September 28, 2022 (the "Decision"), during the pendency of this litigation. See **Compl. Exhibit 5**, USCIS Denial Decision, dated September 28, 2022.

Plaintiffs have filed a Complaint for Declaratory and Injunctive Relief requesting this Court to hold unlawful and set aside the Decision, and to either grant their I-129 Petition or order Defendants to adjudicate the Petition using the correct legal standard.

Pursuant to 5 U.S.C. § 705, to the extent necessary to prevent irreparable injury, this Court may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve Mr. Guptha's status or rights pending conclusion of the review proceedings of Plaintiffs' Complaint.

Mr. Guptha will imminently lose authorization to remain in the U.S. and to work here. His current nonimmigrant status and employment authorization expire on December 16, 2022. There are only eight business days left before Mr. Guptha loses his status and employment authorization.

Defendants' Decision will cause irreparable harm to Mr. Guptha because it will deprive him of the work he needs to survive and will leave him without lawful immigration status in the United States, requiring either his abrupt departure or subjecting him to detention and removal and a three-year bar to reentry if he accrues unlawful presence exceeding 180 days after the date his current status expires. 8 U.S.C. § 1182(a)(9)(B). The Decision will also cause irreparable

harm to Largo by preventing him from employing Mr. Guptha in the United States on critical

ongoing projects.

This Court has the power to avert these irreparable harms by postponing the effectiveness

of the Decision and declaring that Mr. Guptha is authorized to stay and work in the U.S. while

the H-1B adjudication is pending. This will preserve the *status quo*. Postponing the Decisions'

effectiveness will not require any action on the part of Defendants and will not cause any harm

whatsoever to Defendants.

Immediate injunctive relief is essential because: Plaintiffs have a substantial likelihood of

success on the merits of their complaint; Plaintiffs will suffer irreparable harm in the absence of

injunctive relief; there is no adequate remedy available at law; the balance of hardships favors

Plaintiffs; and the requested injunctive relief will not harm the public interest.

## STATEMENT OF FACTS

Mr. Guptha has lawfully resided in the U.S. for nearly six years as a student under F-1

status beginning in August 2016. He is currently employed as a Senior Project Engineer by

Largo pursuant to F-1 Curricular Practical Training ("CPT") employment authorization. Mr.

Guptha is also a full-time student at the University of the Cumberlands ("UTC").

Before receiving CPT employment authorization, Mr. Guptha was first authorized to

work under the Optional Practical Training ("OPT") in July 2018. Mr. Guptha has maintained

lawful nonimmigrant status at all times. Mr. Guptha's right to remain in the U.S. on F-1

nonimmigrant status and his right to work pursuant to CPT employment authorization are set to

expire on December 16, 2022, when he graduates from UTC.

In his position as Senior Project Engineer at Largo, Mr. Guptha is a key employee and an

essential part of Largo's staff. See **Exhibit 1**, Letter of Support from Largo Vice President Brian

Parton, dated November 28, 2022. Mr. Guptha was forced to take a leave of absence from Largo

on October 25, 2022, following receipt of the Decision. However, Largo is committed to rehiring him as soon as he re-obtains employment authorization. Before the temporary suspension of his duties, Mr. Guptha was handling more than ten large projects whose success has depended on his continuous management and monitoring. See **Exh. 1**; **Exhibit 2**, Affidavit of Plaintiff Pavan Ram Guptha.

In order to retain Mr. Guptha on staff, Largo timely filed an I-129 Petition seeking to classify Mr. Guptha as an H-1B temporary worker in a specialty occupation and to change his status from F-1 to H-1B. Despite Plaintiffs having complied with all eligibility conditions for H-1B classification and change of status, USCIS issued the Decision on September 28, 2022, denying the Petition. Mr. Guptha is in imminent jeopardy of losing both his right to remain in the U.S. and his job, and Largo is in imminent danger of losing a key employee, all because of Defendants' arbitrary, capricious, and illegal Decision. 5 U.S.C. § 706(2)(A).

In the Decision, not only did USCIS deny change of status to Mr. Guptha, USCIS also completely failed to adjudicate Plaintiffs' request for H-1B classification. The failure to address the issue of classification prevents Mr. Guptha from applying for an H-1B visa abroad. See Compl., Count One.

Without the Court's intervention, Mr. Guptha will lose his right to remain in the U.S. and his job, despite having fulfilled all conditions for eligibility for H-1B employment authorization. Mr. Guptha also faces detention and removal based on the arbitrary and capricious denial of the I-129 Petition. Mr. Guptha will also lose his wages and face economic injury that is irreparable. The Decision will also prevent Largo from continuing to employ him in the United States on critical ongoing projects for the company.

This motion asks the Court to issue a temporary restraining order and preliminary injunction reverting to the *status quo* by postponing the effectiveness of the Decision and

declaring that Mr. Guptha is authorized to stay and work in the U.S. while the H-1B adjudication

is pending.

## LEGAL STANDARD

The purpose of preliminary injunctive relief is to preserve the *status quo* or prevent

irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc., v. Phoenix*

*Software, Inc.,* 739 F.2d 1415 1422 (9th Cir. 1984) . To receive preliminary relief, the Ninth

Circuit requires that a plaintiff establish four factors:

> [1] that he is likely to succeed on the merits,
> [2] that he is likely to suffer irreparable harm in the absence of
> preliminary relief,
> [3] that the balance of equities tips in his favor, and
> [4] that an injunction is in the public interest.

*Small v. Avanti Health Sys., LLC*, 661 F.3d 1180, 1187 (9th Cir. 2011) (citing *Winter v. Natural*

*Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)); *see also Stuhlbarg Int'l Sales Co. v. John D.*

*Brush & Co.*, 240 F.3d 832, 839 n. 7 (9th Cir. 2001) (holding that the standard for issuing a

temporary restraining order is "substantially identical" to that of a preliminary injunction).

The purpose of a temporary restraining order, however, is to preserve the *status quo* for a

limited period until the Court has an opportunity to pass on the merits of the demand for a

preliminary injunction. *See, e.g., E. Bay Sanctuary Covenant v. Trump*, 932 F.3d 742, 779 (9th

Cir. 2018) (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters and Autor Truck*

*Drivers Local No. 70 of Alameda County*, 415 U.S. 423, 439, 94 S.Ct. 1113, 1124 (1974)).

This Circuit recognizes that *Winter* does not explicitly rule against the long-standing

practice of balancing the four factors on a sliding scale, in which a strong showing on one factor

can counter a weaker showing on another: "[W]here there are only 'serious questions going to

the merits'–that is, less than a 'likelihood of success' on the merits–a preliminary injunction may

still issue so long as 'the balance of hardships tips *sharply* in the plaintiff's favor and the other

two factors are satisfied." *Short v. Brown*, 893 F.3d 671, 675 (9th Cir. 2018) (quoting *Shell*

*Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)); *see also All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127. 1135 (9th Cir. 2011)).

Plaintiffs meet the threshold requirements for a temporary restraining order and for preliminary injunction because they have demonstrated a likelihood of success on the merits, irreparable harm, and that the balance of equities and public interest weigh in Plaintiffs' favor.

## **ARGUMENT**

### I.      **Plaintiffs Are Likely To Succeed On The Merits, Namely, By Obtaining H-1B Classification For Mr. Guptha.**

As explained in the Complaint, USCIS should have adjudicated the application for H-1B classification in the Decision at the same time as it adjudicated the application for change of status for Mr. Guptha. The Complaint requests that the Court set aside the Decision and either order USCIS to approve the H-1B classification or order USCIS to adjudicate the application under the correct legal standard. In any event, it is likely that Plaintiffs will succeed on the merits of the ultimate issue, namely, obtaining H-1B classification for Mr. Guptha.

The H-1B nonimmigrant visa classification allows highly skilled noncitizens to work for U.S. employers in "specialty occupation[s]": positions requiring the "theoretical and practical application of a body of highly specialized knowledge" for which "a bachelor's or higher degree in the specific specialty (or its equivalent)" is required. 8 U.S.C. § 1184(i)(1). In this case Largo seeks to retain Mr. Guptha in the position of Project Engineer (Standard Occupation Classification ("SOC") code 1-9021.00, Construction Manager). See **Compl. Exhibit 1**, Plaintiffs' I-129 Petition Filing.

A petitioner can establish that a position is within a specialty occupation through satisfying any one of four separate tests. 8 C.F.R. § 214.2(h)(4)(iii)(A)(1)-(4). Here, Plaintiffs clearly satisfy the first test, namely, that: "A baccalaureate or higher degree or its equivalent is

normally the minimum requirement for entry into the particular position[.]" 8 C.F.R. §

214.2(h)(4)(iii)(A)(1).

In order to determine if a position qualifies as a specialty occupation, USCIS typically

relies upon the Occupational Outlook Handbook ("OOH"), which is published by the Bureau of

Labor Statistics, U.S. Department of Labor. *See Innova Solutions, Inc. v. Baran*, 983 F.3d 428,

433 (9th Cir. 2020) (The OOH is an "authoritative source" for the educational requirements of

the occupation that it profiles."). The OOH states that the typical educational requirement for a

SOC code 11-9021.00, Construction Manager, position such as Mr. Guptha's at Largo, is a

bachelor's degree.[1] Therefore, the Plaintiffs satisfy the first part of the analysis, namely, that the

position offered is a specialty occupation.

Further, Largo has met the regulatory requirement for H-1B petitioners by submitting: (1)

a certification from the Secretary of Labor that Largo has filed a labor condition application;  (2)

a statement that Largo will comply with the terms of the labor condition application for the term

of Mr. Guptha's stay; and (3) provided evidence of Mr. Guptha's qualifications under 8 C.F.R. §

214.2(h)(4)(iii)(A). 8 C.F.R. § 214.2(h)(4)(iii)(B). Finally, Mr. Guptha has met the beneficiary

requirements for H-1B classification, namely, holding a "United States baccalaureate or higher

degree required by the specialty occupation from an accredited college or university." 8 C.F.R. §

214.2(h)(4)(iii)(C). See **Compl. Exh. A.**

Accordingly, Plaintiffs have shown a substantial likelihood of success on the merits of

their application for H-1B classification.

**II.      Plaintiffs Are Likely To Prevail On The Claim That USCIS Erroneously
         Found Mr. Guptha Ineligible For Change Of Status.**

---

[1] Bureau of Labor Statistics, OCCUPATIONAL OUTLOOK HANDBOOK, *Construction Managers* (Nov. 16, 2022),
available at https://www.bls.gov/ooh/management/construction-managers.htm (accessed December 1, 2022).

MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY
INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES
PAGE NO.  9  OF 18

A plaintiff's burden to show a likelihood of success on the merits is met when the challenged agency action is likely to be found an unlawful agency action under the Administrative Procedure Act (APA). *See E. Bay Sanctuary Covenant v. Barr*, 994 F.3d 962, 975 (9th Cir. 2020).

Here, the only ground for USCIS's denial of change of status for Mr. Guptha is the alleged revocation of his F-1 visa. However, even if it were true that the visa had been revoked (of which USCIS declined to provide any evidence), visa revocation would not alter Mr. Guptha's lawful presence in the United States and continuous maintenance of lawful status here. Therefore, the Decision was arbitrary and capricious, not in accordance with the law, and not supported by substantial evidence in the record, in violation of the APA. Accordingly, Plaintiffs are likely to succeed on the merits of their claim that Mr. Guptha is entitled to change of status.

Mr. Guptha has conclusively established that he maintained lawful status at all times. In support of the I-129 Petition, Mr. Guptha submitted I-20 Forms, I-94 records, and his F-1 visa, as well as proof that he has maintained a full course of study and complied with all requirements for participation in the CPT program. See **Compl. Exhibit 3**, Plaintiffs' Response to USCIS Request for Evidence ("RFE"), dated September 13, 2022. Together, these documents demonstrate that Mr. Guptha has not departed the U.S. since entering on a valid F-1 visa in January 2020, when U.S. Customs and Border Patrol ("CBP") admitted him for the duration of his F-1 status, i.e., until December 16, 2022, and that he has complied with all requirements to maintain his status.

In the Decision, USCIS claimed that Mr. Guptha failed to maintain lawful status and is unlawfully present in the U.S. because his F-1 visa was revoked on April 18, 2020. This conclusion is erroneous as a matter of law.

It is well settled that a visa's validity has no bearing on the nonimmigrant's status in the U.S. after lawful admission. The language of the INA expressly distinguishes between a

nonimmigrant's admission into the U.S. and the nonimmigrant's status as separate concepts. *See* INA § 237(a)(1)(C)(i) (creating a distinction between "admi[ssion] as a nonimmigrant" and "maint[enance of] the nonimmigrant status"). *See also* 8 C.F.R. § 214.2(f)(5)(i) (F-1 visa-holders are admitted to the United States for "duration of status."); 8 C.F.R. § 41.112(a) ("The period of visa validity has no relation to the period of time the immigration authorities at a port of entry may authorize the alien to stay in the United States.").

Furthermore, according to Department of State guidance, because an individual's status is determined upon his admission into the United States, revoking the individual's visa "does not impact that status." See **Compl. Exhibit 6**, DOS/AILA Liaison Meeting, State Department Responses to AILA Agenda Questions – Page 1 and 5 (Apr. 15, 2015) at Q.#7, AILA Doc. No. 15042004; **Compl. Exhibit 8**, DOS/AILA Liaison Meeting, State Department Responses to AILA Agenda Questions (Oct. 18, 2018) at Q.#13, AILA Doc. No. 18102501; Page 1,6, and 7 **Compl. Exhibit 8**, Practice Pointer: Prudential Revocation of Nonimmigrant Visas (Feb. 13, 2019), AILA Doc. No. 18072406.

Thus, because Mr. Guptha complied with all terms of his non-immigrant status after his admission to the U.S., he has maintained his nonimmigrant status notwithstanding the alleged revocation of his F-1 visa.

Therefore, Plaintiffs have established a substantial likelihood of success on the merits of their claim that Mr. Guptha is eligible for change of status and the Decision was erroneous as a matter of law.

### III.   Plaintiffs Will Suffer Irreparable Harm In The Absence Of An Immediate Injunction And There Is No Adequate Remedy At Law.

Plaintiffs would suffer irreparable harm if Mr. Guptha is unable to remain in the U.S. and to continue working for Largo. Because Mr. Guptha's current nonimmigrant status is set to expire on December 16, 2022, he now faces the imminent loss of his permission to live and work

in the U.S., and faces detention and removal based on the arbitrary and capricious denial of the I-129 Petition. Largo is also facing the permanent loss of a key employee.

"The [Supreme] Court has repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." *Weinberger v. Romero-Barceló*, 456 U.S. 305, 312, 102 S. Ct. 179 (1982). Plaintiffs must establish that they are likely to suffer such harm in the absence of such preliminary relief. *See Boardman v. Pacific Seafood Group*, 822 F.3d 1011, 1023 (9th Cir. 2016) (citing Winter, 555 U.S. at 22, 129 S.Ct. 365). "Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages." *Arizona Dream Act Coalition v. Brewer*, 757 F.3d 1053, 1068 (9th Cir. 2014). "[E]conomic harm is not generally considered irreparable. But where parties cannot typically recover monetary damages flowing from their injury—as is often the case in APA cases—economic harm can be considered irreparable." *East Bay Sanctuary Covenant v. Biden*, 993 F.3d 640, 677 (9th Cir. 2021). "Intangible injuries may also qualify as irreparable harm, because such injuries 'generally lack an adequate legal remedy.'" *Id.* (citing *Arizona Dream Act Coalition*, 757 F.3d at 1068).

Mr. Guptha is threatened him with immediate and irreparable economic loss and damage to his career and reputation with wide ranging impacts, which cannot be repaired. It is clear that Mr. Guptha cannot remain in the U.S. and work beyond December 16, 2022, without violating status. Additionally, Largo will not be able to continue employing Mr. Guptha beyond December 16, 2022, without risking violation of the law and civil and criminal penalties.[2]

---

[2] Employers must not: "Hire, recruit for a fee, or refer for a fee unauthorized aliens they know to be unauthorized to work in the U.S... Employers who violate the law may be subject to: civil fines and/or criminal penalties," amongst other penalties. USCIS, *Penalties* (July 10, 2020), available at https://www.uscis.gov/i-9-central/legal-requirements-and-enforcement/penalties (accessed December 1, 2022).

MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY
INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES
PAGE NO. 12 OF 18

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

In Mr. Guptha's position as Senior Project Engineer at Largo, he has been responsible for handling about ten large, time-sensitive projects. At the time that Largo was forced to temporarily suspend Mr. Guptha, four of these projects were in the critical closeout phase and six of them were new projects. Mr. Guptha is a key person at Largo and he is vital to the team he leads. He has many tasks for which he is solely responsible. He is responsible for coordinating with the field superintendent and subcontractors, monitoring and tracking delays, and calculating required work scope in order to avoid risks and delays to customers. Six of Mr. Guptha's current projects began in September/October 2022, and it is critical that project deadlines are met in order to meet customer schedules.  Mr. Guptha's job role is far reaching within Largo. An entire team relied on him in order to perform their tasks and to remain on schedule.

Additionally, for Mr. Guptha personally, he would suffer extreme hardship if he lost his right to live and work in the U.S. Here in the U.S. Mr. Guptha has had the opportunity to be recognized for his academic and professional achievements. In the more than six years that he has lived in the U.S., Mr. Guptha has established strong professional ties and networks, through both work and his alumni network at Thomas Jefferson University and UTC. If he were forced to return to India, Mr. Guptha would not have the same economic opportunities, rights, and respect that he enjoys in the U.S. As a young man (age 27) in the engineering industry, Mr. Guptha relies heavily on his professional achievements in order to maintain his job and support himself. It would be extremely difficult for him to find employment and earn a livable salary in India.

Mr. Guptha has depended on his salary at Largo to cover all of his living expenses, including student loan payments, car and insurance payments, insurance for health, dental and vision care, as well as rent and utility bills. Additionally, Mr. Guptha has been diagnosed with thyroid disease, which requires ongoing medical treatment. All of Mr. Guptha's care providers are in the U.S. He would lose access to health care if he was forced to leave the U.S. His thyroid

condition impacts Mr. Guptha's blood iron content, anemia, and causes hair loss. Every few months, Mr. Guptha completes blood work to monitor his thyroid levels and consults with his primary care provider as well as an endocrinologist. Mr. Guptha has already been deprived of his earnings from Largo for more than one month because of USCIS's unjustified actions. If Mr. Largo were permanently deprived of his earnings from Largo, the effect would be disastrous, as he would be unable to afford any of this medical care.

To the extent that the above-mentioned losses could even be quantified as monetary damages, none of these losses would be recoverable at law because they cannot be recovered from USCIS. Damages are unrecoverable because "the entity causing the loss is a sovereign." *Subramanya v. USCIS*, 2:20-CV-3707 (S.D. Ohio Aug. 3, 2020) Slip Op. at 13 (finding loss of employment or income irreparable due to delays in issuing employment authorization). *See also Monster Energy Co. v. Baran*, EDCV19871JGBKKX, 2020 WL 1652548, at *3 (C.D. Cal. Mar. 26, 2020) (determining that plaintiff's lost wages due to denial of H-1B status constituted irreparable harm where they were not recoverable against administrative agency, USCIS); *Chamber of Com. of U.S. v. Edmondson*, 594 F.3d 742, 770–71 (10th Cir. 2010) (noting that the "[i]mposition of monetary damages that cannot later be recovered for reasons such as sovereign immunity constitutes irreparable injury."); *Clarke v. Off. of Fed. Hous. Enter. Oversight*, 355 F. Supp. 2d 56, 65 (D.D.C. 2004) (noting "courts have recognized that economic loss may constitute 'irreparable harm' where a plaintiff's alleged damages are unrecoverable"); *Ohio Oil Co. v. Conway*, 279 U.S. 813, 814 (1929) (determining that taxes paid pursuant to challenged tax law would constitute irreparable harm where plaintiff would be unable to recover what was paid if the statute were found to be invalid).

Accordingly, Mr. Guptha's lost wages will be unrecoverable from Defendants. Apart from the issue of monetary damages, there is no other adequate remedy available at law. USCIS

has exclusive jurisdiction over the adjudication and issuance of I-129 Petitions. Plaintiffs have no means apart from the present I-129 Petition for Mr. Guptha to remain in the U.S. and to continue working for Largo, and Defendants hold the keys to the I-129 Petition.

All of the harm described above, which is inevitable should USCIS's erroneous Decision stand, suffice to show irreparable harm warranting preliminary relief.

### IV.    The Balance Of Hardships Favors Plaintiffs, And The Injunctive Relief Will Not Harm The Public Interest.

In cases where the Government is the opposing party, the final two factors in the preliminary relief analysis (balance of hardships and public interest) are merged into a single inquiry as an aspect of the preliminary relief that goes against public policy necessarily causes harm to the government that distorts the balance of equities. *Nken v. Holder*, 556 U.S. 418, 435 (2009). Balancing the hardships demands that "a court must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Northern Cheyenne Tribe v. Norton*, 503 F.3d 836, 843-44 (9th Cir. 2007) (quoting *Amoco Production Co. v. Village of Gambell, AK*, 480 U.S. 531, 107 S.C. 1396). Plaintiffs must demonstrate that "the public interest favors granting the injunction in light of its likely consequences." *Hernandez v. Sessions*, 872 F.3d 976, 996 (9th Cir. 2017) (internal quotes and emphasis omitted).

Here, granting the preliminary relief would maintain the *status quo* for Plaintiffs and creates little to no harm for USCIS. Granting the temporary restraining order and preliminary injunction would preserve Mr. Guptha's current nonimmigrant status and work authorization. The agency's improper adjudication of I-129 Petition threatens this *status quo*. Further, granting the preliminary relief would prevent the harm to Mr. Guptha that would naturally flow from losing the ability to remain in the U.S. and work, such as loss of income, career damage, and health complications due to loss of medical treatment for his thyroid disease. The requested relief

would also ensure that Largo is able to immediately reinstate a key employee and that the multiple projects under Mr. Guptha's management may continue without further delays or stoppages.

To the other side of the balancing test, the only effect on the agency would be that it must adjudicate Mr. Guptha's eligibility for H-1B status as required by law, regulation, and policy. There are no additional resources or increased costs that would be expended or incurred in ordering that USCIS adjudicate the I-129 Petition. Thus, the balance of hardships weighs heavily in favor of Plaintiffs.

By extension, the imposition of the Court that the agency adjudicates the application is also in the public interest. "[T]he public has a 'weighty' interest 'in efficient administration of the immigration laws at the border.'" *East Bay Sanctuary*, 932 F.3d at 778 (quoting *Landon v. Plasencia*, 459 U.S. 21, 34, 103 S.Ct. 321 (1982)). Ensuring that agencies act in accordance with law when applicants have followed all requirements is hugely beneficial to the public. It is of public value that those seeking immigration benefits can rely on fair adjudication and enforcement of the relevant laws and regulations. The rights and abilities that flow from the grant of those benefits are tremendously influential on how applicants will and must arrange their businesses and lives, so actions by the agency complying with legal requirements provides certainly and faith in such governmental processes.

Thus, balancing of the hardships and the public interest weigh in favor of Plaintiffs being granted the preliminary relief.

### V.     Plaintiffs Request The Court To Waive Bond.

Under Federal Rule of Civil Procedure 65(c), district courts have discretion to set the amount of a bond accompanying a preliminary injunction. Plaintiffs respectfully request that the Court waive bond because the requested preliminary injunction is in the public interest, and the

MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; MEMORANDUM OF POINTS AND AUTHORITIES
PAGE NO.  16  OF 18

1    injunction is necessary to vindicate Plaintiffs' rights. *See Davis v. Mineta*, 302 F.3d 1104, 1126

2    (10th Cir. 2002) ("minimal bond amount should be considered" in public interest case).

3                                              **<u>CONCLUSION</u>**

4            Balancing the four factors for preliminary relief, the equities weigh in favor of granting

5    an injunction to preserve the *status quo*. Plaintiffs have shown a likelihood of success on the

6    merits, that they will suffer irreparable harm, there will be no harm to others, and the public

7    interest will not be negatively impacted. Plaintiffs respectfully request this Court to enter a

8    temporary restraining order postponing the effectiveness of USCIS's erroneous Decision and

9    authorizing Mr. Guptha to stay and work in the U.S. pending the conclusion of these

10   proceedings. This would be in keeping with USCIS policy. Under USCIS policy, a petition for

11   change of status that is timely filed may provide a noncitizen with a period of authorized stay if

12   the earlier status expires while the petition is pending. 7 USCIS-PM B.3(E)(1).

13           This relief may take the form of an employment authorization card or,  alternately, a

14   public notice which may be relied upon by employers subject to I-9 verification requirements

15   which permits continuing work authorization to be evidenced by an expired employment

16   authorization card combined with a USCIS Receipt Notice for extension.

17                                             Respectfully submitted,

18   Date: December 7, 2022                    s/ Nguyen D. Luu
                                               **Nguyen D. Luu**
19                                             Luu Law, PC
                                               772 N. 1st Street
20                                             San Jose, CA 95112-6302
                                               Telephone: (408) 975-9321
21                                             FAX: (408) 975-9654
                                               E-mail: Nguyen@luulaw.com
22                                             Attorney for Plaintiffs

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, Nguyen D. Luu, hereby certify that on December 7, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system.

I further certify that a copy of the complaint, exhibits, and summons, along with a copy of the court's standing order was delivered by certified mail to each of the parties listed below on _____ 2022:

U.S. Attorney's Office
Civil Processing Clerk
Civil Division
450 Golden Gate Ave, 11th Floor
San Francisco, CA 94102

John M. Allen
Director of USCIS Texas Service Center
c/o Office of the General Counsel
U.S. Department of Homeland Security
245 Murray Lane, SW
Mail Stop 0485
Washington, DC 20528-0485

Ur Mendoza Jaddou
Director of U.S. Citizenship and Immigration Services;
c/o Office of the General Counsel
U.S. Department of Homeland Security
245 Murray Lane, SW
Mail Stop 0485
Washington, DC 20528-0485

Alejandro Mayorkas, Secretary of Homeland Security
c/o Office of the General Counsel
U.S. Department of Homeland Security
245 Murray Lane, SW
Mail Stop 0485
Washington, DC 20528-0485

Merrick Garland
Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

CERTIFICATE OF SERVICE
CASE NO.
PAGE NO. 1 of 2

Case 5:22-cv-07689-BLF   Document 5   Filed 12/07/22   Page 19 of 19

Date:   December 7, 2022,                              s/ Nguyen D. Luu

**Nguyen D. Luu**
Luu Law, PC
772 N. 1st Street
San Jose, CA 95112-6302
Telephone: (408) 975-9321
FAX: (408) 975-9654
E-mail: Nguyen@luulaw.com
Attorney for Plaintiff

CERTIFICATE OF SERVICE
CASE NO.
PAGE NO. 2 of 2